J-S80039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ORVILLE BARRETT | : | |
| | : | |
| Appellant | : | No. 1515 EDA 2018 |

Appeal from the Judgment of Sentence August 24, 2017
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0002443-2016

BEFORE:  BENDER, P.J.E., BOWES, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:               **FILED FEBRUARY 21, 2019**

Appellant Orville Barrett appeals from the judgment of sentence following his conviction for third-degree murder.[1]  Appellant's counsel has filed a petition to withdraw and an ***Anders***/***Santiago***[2] brief.  We affirm and grant counsel's petition to withdraw.

On the evening of May 26, 2016, Appellant returned to his residence at 327½ North 15th Street in Allentown after being involved in an altercation with a neighbor.  Appellant lived at the residence with his teenage son Trey Barrett (Trey), his mother Monica Johnson-Young (Johnson-Young), and his stepfather Leacroft Owen Young (Victim).  Inside the residence, Appellant slammed doors and caused a commotion.  Johnson-Young asked Appellant

_____

[1] 18 Pa.C.S. § 2502(c).

[2] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

why he was upset, and Appellant accused Victim of ordering another man to beat him up.

At approximately 9:00 p.m., Victim and Johnson-Young were in the backyard. Appellant and Trey were in the kitchen. Appellant retrieved a knife and approached the door to the backyard. Trey thought Appellant "was acting weird," and he asked Appellant to put down the knife. N.T. Trial, 7/19/17, 49. Appellant would not comply, and Trey tried to take the knife from him. Trey could not gain control of the knife, and Appellant continued toward the door. Trey attempted to block Appellant's path, but Appellant forced his way into the yard.

Trey warned Johnson-Young that Appellant was approaching with a knife. Johnson-Young stopped Appellant and asked for the knife, but Appellant denied possessing it. Johnson-Young noticed that Appellant's "voice was very funny, not even sound[ing] like him." *Id.* at 75. Appellant walked past Johnson-Young and approached Victim, who sat in a chair. Trey watched as Appellant stabbed Victim in the chest.[3] Johnson-Young did not see the stabbing, but she heard a noise "like if you . . . would hit somebody . . . with something." *Id.* at 76. In response, Johnson-Young picked up a broomstick, struck Appellant, and chased him out of the yard.

Johnson-Young turned her attention to Victim, who rose from his chair and approached her. Victim said, "He stabbed me," then fell over. *Id.* at 81.

---

[3] Trey also testified that Appellant, Victim, and Johnson-Young were the only people in the yard at the time of the stabbing.

- 2 -

Johnson-Young caught Victim and Trey called 911. Paramedics arrived and rushed Victim to the hospital where he died shortly thereafter. An autopsy revealed the cause of death was a single stab wound below the right clavicle and above the right breast.

At 10:35 p.m., police located Appellant, who was passed out on the front porch of a residence approximately two blocks away from the crime scene. Officers approached Appellant and detected a strong odor of alcohol on his person. Tests indicated that Appellant's blood alcohol concentration was .19% on the night of the murder. Additional forensic testing revealed the presence of Victim's blood on the T-shirt worn by Appellant at the time of his arrest.

Appellant proceeded to a bench trial at which Trey and Johnson-Young testified for the Commonwealth. Appellant testified in his own defense. According to Appellant, a gang of six or seven men from the neighborhood assaulted and robbed him shortly before the stabbing. Appellant ran to his residence to flee from the attackers. Once inside, Appellant decided he needed to fix the gate in the backyard. Appellant claimed that he entered the yard and saw Victim bending down, holding his stomach. Appellant asked Victim what happened, and Victim "said a boy stabbed him." N.T. Trial, 7/20/17 at 97. Appellant testified that he saw the alleged perpetrator exit through the gate and gave chase, but he could not catch him.

Following trial, the trial court found Appellant guilty of third-degree murder. With the benefit of a presentence investigation report, the court

sentenced Appellant to twenty to forty years' imprisonment on August 24, 2017. Appellant did not file post-sentence motions or a notice of appeal.

On February 6, 2018, Appellant timely filed a *pro se* petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. The PCRA court appointed current counsel on February 20, 2018. On April 20, 2018, the court reinstated Appellant's direct appeal rights and directed Appellant to file a notice of appeal *nunc pro tunc* within thirty days.

Appellant timely filed a notice of appeal *nunc pro tunc* on May 16, 2018. On June 12, 2018, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. Counsel timely filed a statement of intent to file an ***Anders***/***Santiago*** brief, pursuant to Pa.R.A.P. 1925(c)(4). The court did not file a responsive opinion.

On August 24, 2018, counsel filed a petition to withdraw and an ***Anders***/***Santiago*** brief. Counsel included a certificate of service indicating that he provided Appellant both the withdrawal petition and the brief. Appellant has not filed a *pro se* brief or a counseled brief with new, privately-retained counsel.

In the ***Anders***/***Santiago*** brief, counsel identifies two issues for appellate review. Specifically, counsel includes challenges to the sufficiency of the evidence supporting Appellant's third-degree murder conviction and the weight of the evidence supporting the verdict. ***Anders***/***Santiago*** Brief at 7.

Because counsel has filed a petition to withdraw pursuant to ***Anders***/***Santiago***, we must first address counsel's petition before reviewing

- 4 -

the merits of the appeal. ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to Appellant; and (3) advising Appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that Appellant considers worthy of the court's attention. ***See id.***

Additionally, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in ***Santiago***, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. Only after determining that counsel has satisfied these technical requirements may this Court "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted); ***accord Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Counsel has complied with the procedures for seeking withdrawal by filing a petition to withdraw, sending Appellant a letter explaining his rights,

and supplying Appellant with a copy of the **Anders**/**Santiago** brief. **See Goodwin**, 928 A.2d at 290. Moreover, counsel's **Anders**/**Santiago** brief complies with the requirements of **Santiago**. Counsel includes a summary of the relevant factual and procedural history, refers to the portions of the record that could arguably support Appellant's claims, and sets forth the conclusion that the appeal is frivolous. Counsel explains his reasoning and supports his rationale with citations to the record and pertinent legal authority. Therefore, counsel has complied with the technical requirements for withdrawal, **see Santiago**, 978 A.2d at 361, and we will independently review the record to determine if any non-frivolous issues are raised. **See Flowers**, 113 A.3d at 1250.

In the first issue identified in the **Anders**/**Santiago** brief, counsel discusses a challenge to the sufficiency of the evidence. **Anders**/**Santiago** Brief at 7. Counsel references Appellant's trial testimony indicating that someone else stabbed Victim, but asserts there was sufficient evidence to find Appellant guilty of third-degree murder. **Id.** at 10.

Our standard of review for sufficiency claims is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and

inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Tucker*, 143 A.3d 955, 964 (Pa. Super. 2016) (brackets and citation omitted), *appeal denied*, 165 A.3d 895 (Pa. 2017).

To sustain a conviction for third-degree murder, "the Commonwealth need only prove that the defendant killed another person with malice aforethought." *Commonwealth v. Fisher*, 80 A.3d 1186, 1191 (Pa. 2013) (citation omitted). "[M]alice comprehends not only a particular ill-will, but . . . also a wickedness of disposition, hardness of heart, recklessness of consequences, and a mind regardless of social duty, although a particular person may not be intended to be injured." *Id.* (brackets and citation omitted). "Moreover, the finder of fact may infer malice and specific intent to kill based on the defendant's use of a deadly weapon on a vital part of the victim's body." *Commonwealth v. Hitcho*, 123 A.3d 731, 746 (Pa. 2015) (citation omitted).

Instantly, the Commonwealth presented evidence that Appellant believed that Victim had ordered another man to beat him up. Appellant retrieved a knife from the kitchen and attempted to enter the yard. Trey sensed that Appellant was acting "weird" and unsuccessfully attempted to disarm Appellant and block his path to the yard. Once Appellant was outside,

Johnson-Young unsuccessfully attempted to make Appellant relinquish the knife. After Appellant bypassed Johnson-Young, Trey watched Appellant approach Victim and stab him in the chest. Here, there was ample evidence for the trial court, as the finder of fact, to conclude that Appellant stabbed Victim and infer malice based on Appellant's use of deadly weapon on a vital part of Victim's body. **See Hitcho**, 123 A.3d at 746; **Tucker**, 143 A.3d at 964. Therefore, we agree with counsel's assessment that a challenge to the sufficiency of the evidence was frivolous.

Counsel also identifies a challenge to the weight of the evidence, but Appellant failed to raise any objection to the weight of the evidence in the trial court. Therefore, Appellant's claim is waived. **See** Pa.R.Crim.P. 607 (stating that a defendant must first raise a weight claim with the trial court in a motion for new trial before sentencing or in a post-sentence motion); **see also Commonwealth v. Sherwood**, 982 A.2d 483, 494 (Pa. 2009) (holding that the appellant waived a weight of the evidence challenge because the appellate court has nothing to review when the appellant fails to preserve the claim in the trial court).

In sum, we conclude that the claims identified in the **Anders**/**Santiago** brief are frivolous. Moreover, our independent review of the record does not reveal any additional, non-frivolous issues in this appeal. **See Flowers**, 113 A.3d at 1249. Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/21/19